IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALISHA EMERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-399-S-BN |
| | § | |
| CITY OF RICHARDSON, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alisha Emerson filed a *pro se* petition in state court alleging "employment issues" and "police-related matters." Dkt. No. 1-1 at 8-13. And Defendant City of Richardson answered in state court and removed this lawsuit to federal court. *See id.* at 29-43; *see generally* Dkt. No. 1.

United States District Judge Karen Gren Scholer then referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On September 19, 2023, the City filed on behalf of the parties Plaintiff's Stipulation of Dismissal, signed by Emerson and counsel for the City, in which Emerson expresses that she "no longer wishes to pursue her action against Defendant, the City of Richardson, Texas, in this matter." Dkt. No. 23.

This filing operates as a stipulated dismissal of this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides that a "plaintiff may dismiss an action without a court order by filing ... a stipulation of dismissal signed by all parties

who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).

And it is of no consequence that Emerson named defendants other than the City in the petition that she filed in state court or in the amended complaint that she filed after removal, *see* Dkt. No. 1-1 at 8 & Dkt. No. 4 at 2-3, because the only defendant "who [has] appeared" is the City: "The stipulation need only be executed by those defendants who have actually 'appeared' in the action, not all of those named in the caption." 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 41.34 (2023) (footnote omitted; citing *Estate of West v. Smith*, 9 F.4th 1361, 1367-68 (11th Cir. 2021) (stipulated dismissal was effective without signatures of fictitious defendants who had not yet been identified or served and thus, had not "appeared" in action)).

This conclusion is consistent with decisions of the United States Court of Appeals for the Fifth Circuit addressing Rule 41(a)(1), where the Court of Appeals has "expressed the view that Rule 41(a)(1) means precisely what it says." *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975) (citations omitted).

In sum, this action was dismissed upon the filing of the stipulation on September 19.

SO ORDERED.

DATED: September 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE